**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Crim. No. 09cr10315-NG** |
| | ) | |
| **MANUEL ALEJANDRO** | ) | |
| **PANIAGUA-REYNOSO** | ) | |
|     **Defendant.** | ) | |

**GERTNER, D.J.:**

**MEMORANDUM AND ORDER RE:**
**DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER**
August 17, 2010

Defendant Manuel Alejandro Paniagua-Reynoso is charged with possession of, and conspiracy to possess with intent to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § § 846 and 841(a)(1). After two detention hearings, the Magistrate Judge ordered the defendant detained on February 16, 2010. Reynoso moved to revoke the order of detention. For the reasons set forth below, I find that no conditions would reasonably assure the defendant's appearance, and accordingly, his **Motion to Revoke the Detention Order (document #61) is DENIED**.

**I.     BACKGROUND**

The government alleges, based on a DEA investigation that included physical and video surveillance and wiretaps, that Reynoso was involved in a large-scale cocaine trafficking conspiracy. Allegedly, on one occasion, Reynoso's co-defendants Juan Nova and Osiris Santana discussed a large shipment of cocaine that Santana was to receive. Santana mentioned that he was looking for a place to store the cocaine and that he would put his "guy Alejandro down there with a gun" to protect it. When agents learned that the shipment of cocaine had been delivered, they searched the location pursuant to a search warrant. Reynoso was there. He was arrested in

the presence of 54 kilograms of cocaine. Based on this and other surveillance, the government believes Reynoso is Alejandro, and that his full name is Manuel Alejandro Paniagua-Reynoso.

In addition to the above evidence, investigators intercepted several calls between Santana and "Alejandro" that showed Alejandro to be a relative and drug associate of Santana's who had recently come to the United States with a false visa Santana helped him to obtain. Agents also intercepted a call in which Santana discussed sending Alejandro to pick up payment for drugs from a customer.

## II.   DISCUSSION

### A.   Detention Order

I review the detention order <u>de novo</u>. <u>United States v. Tortora</u>, 922 F.2d 880, 884 n.4 (1st Cir. 1990). 18 U.S.C. § 3142(e) provides that if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the defendant shall be detained pending trial. The government relies on the defendant's risk of flight as grounds for detention, so I will limit my review to this basis.

In determining whether any conditions of release will reasonably assure the defendant's appearance, the Court must consider the factors set out in 18 U.S.C. § 3142(g). These include the circumstances of the offense charged, the weight of the evidence against the defendant, and his "family ties, employment, financial resources, length of residence in the community, [and] community ties." 18 U.S.C. § 3142(g)(3)(A).

Because the offenses charged carry a mandatory minimum of ten years, Reynoso faces a rebuttable presumption in favor of his detention pursuant to 18 U.S.C. § 3142(e)(2). <u>United</u>

States v. Samuels, 436 F. Supp. 2d 280, 282 (D. Mass. 2006).  He then bears the burden of producing some evidence that the presumption does not apply to him.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  The statutory presumption, however, retains evidentiary weight and must be considered with other relevant factors.  See United States v. Palmer-Contreras, 835 F.2d 15, 17 (1st Cir. 1987).

     Reynoso argues that the statutory presumption should not apply to him for several reasons.  He is young, 23, and has no criminal record.  Reynoso argues that the drug conspiracy investigation began before he came to the United States and that there is little evidence to connect him with it.  He also asserts that because he is safety valve eligible, his sentence, if convicted, would likely be lower than the mandatory minimum ten years.  Ultimately, these factors do not offset the evidentiary weight of the statutory presumption at this stage in the proceeding.

     While Reynoso argues that nothing connects him to the distribution of cocaine but his presence at the apartment with the stash, as Judge Dein noted, it is extremely unlikely that he would have been allowed near a shipment of a million dollars worth of cocaine if he were not involved in the conspiracy.  Further, Reynoso's potential safety valve eligibility does not affect the statutory presumption as an initial matter, although it should affect the overall evidentiary balance.  See United States v. Moss, 887 F.2d 333, 336 (1st Cir. 1989) ("[T]he presumption regarding flight is triggered solely by the statutory penalty, irrespective of the actual or likely sentence for a particular defendant . . . .").

     Reynoso presents a serious flight risk as well as an ability to flee.  He has few ties to the community – familial, financial, or otherwise.  Reynoso was born in the Dominican Republic,

and his family is there.  He has no work history or plans to work here.  He entered the country for the first time in September 2009, apparently illegally.  ICE has no record of him as a legal entry.  In fact, the Government's theory that he came to the United States in order to participate in the drug trafficking conspiracy is entirely credible on this record.  He obviously faces deportation.  He appears to have ready access to cash and false identification papers.

Reynoso proposes release to a second cousin and her husband, together with electronic monitoring, a $25,000 unsecured bond, and surrender of his passport.  However, Reynoso does not currently have a passport, and his cousin's husband was convicted of a drug trafficking offense.  While, as Reynoso argues, the conviction may carry less weight because it from 1995, there is no evidence his second cousin and her husband would exert any control over him.  On this record, these conditions of release are simply insufficient to assure his appearance.

### III. CONCLUSION

In sum, the evidence suggests Reynoso was involved in a large cocaine trafficking conspiracy and has easy access to both cash and false identification documents.  In addition, he has no ties to the community and appears to have entered the country illegally.  Given this, defendant's proposed pre-trial release conditions are not sufficient to guarantee his appearance.  The government has demonstrated by a preponderance of the evidence that Reynoso presents a serious risk of flight.  **Accordingly, his Motion to Revoke the Detention Order (document #61) is DENIED**.

**SO ORDERED.**

Date:  August 17, 2010                                          /s / Nancy Gertner
                                                                **NANCY GERTNER, U.S.D.C.**